**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARK ANTHONY JONES, | No. 12-17484 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00069-LJO-GBC |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; KENNETH CLARK, Warden; COUCH, CDC ISU Officer, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 10, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Appellant Mark Jones appeals from the district court's judgment dismissing

his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

have jurisdiction under 28 U.S.C. § 1291. Our review is de novo, *Sapp v. Kimbrell*, 628 F.3d 813, 821 (9th Cir. 2010), and we affirm.

Jones alleges that he exhausted his remedies because the California Department of Corrections ("CDC") ignored his grievances. It is peculiar that the CDC ignored Jones's grievances in this case because the CDC did not ignore the numerous grievances that Jones previously filed. Nevertheless, even if the CDC wrongfully ignored Jones's informal and formal first-level grievances, the district court properly dismissed the action because there is no evidence that Jones exhausted his administrative remedies before filing his First Amendment retaliation complaint in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-92 (2006). Jones's formal first-level grievance alleges that Officer Couch violated Mrs. Jones's Fourth Amendment rights, but makes no mention of Officer Couch's threat to send Jones to the Security Housing Unit if he filed a grievance, which is the basis for his First Amendment claim. As such, Jones did not exhaust his First Amendment claim because he did not "put[ ] the prison on adequate notice of the problem for which [Jones] [sought] redress." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010).

**AFFIRMED.**